UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARCUS JORDAN, Inmate #22710656,<br><br>         Plaintiff,<br><br>vs.<br><br>G. ORTEGA, G. SAN-VACTORES, COUNTY OF SAN DIEGO,<br><br>         Defendants. | Case No.: 23-cv-2100-BAS-JLB<br><br>**ORDER:**<br> (1) **GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2);**<br> (2) **SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b);**<br> (3) **DENYING MOTION TO APPOINT COUNSEL (ECF No. 3)** |

  Michael Marcus Jordan ("Plaintiff" or "Jordan"), who is a pretrial detainee currently housed at George Bailey Detention Center[1] and is proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on November 14, 2023. (ECF No. 1.) He did not pay the civil filing fee but did file a Motion to Proceed in Forma Pauperis ("IFP"). (ECF No. 2.)

---

[1] *See* San Diego County Sheriff's Department Website, "Who is in Jail," https://apps.sdsheriff.net/WIJ/wijDetail.aspx?BookNum=%2fruVksm5Z%2bbZb9TmFkIDp1ooCPJnJ7GM%2bzeX8k15DuU%3d (last visited January 12, 2024).

1

## I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *see also Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1)–(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85.

In support of his IFP Motion, Plaintiff has submitted a copy of his prison certificate pursuant to 28 U.S.C. Section 1915(a)(2) and Southern District of California Civil Local

---

[2] In civil actions except for applications for a writ of habeas corpus, civil litigants bringing suit must pay the $350 statutory fee in addition to a $55 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The $55 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id.*

Rule 3.2.  (*See* ECF No. 2 at 4; *Andrews*, 398 F.3d at 1119.)  This document shows that Plaintiff had an available balance of $0.00 at the time of filing.  (*See* ECF No. 2 at 4.)  Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact the initial filing fee because his trust account statement indicates he may have "no means to pay it," *Bruce*, 577 U.S. at 85, and directs the Watch Commander at George Bailey Detention Center or their designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) and forward them to the Clerk of the Court.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee").  *Bruce*, 577 U.S. at 85; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").

## II.  Screening Pursuant to 28 U.S.C. § 1915(e)(2)

### A.  <u>Legal Standard</u>

Because Plaintiff is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  Under these statutes, a court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d

1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

B.      Plaintiff's Factual Allegations

Plaintiff alleges that on November 20, 2022, he and Defendant Ortega got into a verbal altercation after Ortega kicked a bag Plaintiff had placed outside another cell. (ECF No. 1 at 3.) Ortega ordered Plaintiff to get down on the ground, but Plaintiff refused to do so because the floor had urine and feces on it. *Id.* Ortega then pushed Plaintiff up against a wall. Defendant San-Vactores shackled him, then hit Plaintiff numerous times on his

head and body. *Id*. When Plaintiff pushed Ortega away, Ortega tasered Plaintiff for an extended period of time. *Id.*

C. Discussion

1. *Defendants Ortega and San-Vactores*

Plaintiff alleges Defendants' actions violated his Eighth Amendment and Fourteenth Amendment rights by using excessive force. Because Plaintiff is a pretrial detainee, the claim must be analyzed under the Fourteenth Amendment, not the Eighth. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham*, 490 U.S. at 395, n.10. "In order to demonstrate excessive force, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* at 397.

Plaintiff claims Ortega tasered him for an extended period of time and that San-Vactores hit him repeatedly on the head and body while he was shackled. (ECF No. 1 at 3.) These facts plausibly allege Ortega and San-Vactores "purposely or knowingly used [force] against him [which] was objectively unreasonable." *Kingsley*, 576 U.S. at 396–97, and therefore the Court finds Plaintiff's Complaint alleges a plausible excessive force claim against Defendants Ortega and San-Vactores sufficient to survive the "low threshold" set for sua sponte screening as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678.

2. *Defendant San Diego County*

The County of San Diego is subject to suit as a "person" under § 1983. *Duarte v. City of Stockton*, 60 F.4th 566, 573 (9th Cir.), *cert. denied,* 143 S. Ct. 2665 (2023). However, "a local government [and its entities] may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New*

5

*York*, 436 U.S. 658, 694 (1978).  To bring a § 1983 claim against the County of San Diego, Plaintiff must plead that the "municipality's policy or custom caused a violation of [his] constitutional rights." *Id.* at 690.  Specifically, he must allege that "(1) [he] was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [his] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).  Plaintiff's Complaint contains no allegations claiming the County of San Diego has a policy or practice of using excessive force against pretrial detainees.  Indeed, he makes no factual allegations against the County at all in his Complaint other than simply naming it as a Defendant.  That is not sufficient to state a plausible § 1983 claim, and therefore Plaintiff's claims against the County of San Diego must be dismissed. *Iqbal*, 556 U.S. at 678.

### III. Leave to Amend

While the Court has concluded Plaintiff has plausibly stated a Fourteenth Amendment claim against Ortega and San-Vactores, it has dismissed Plaintiff's claims against the County of San Diego for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Because Plaintiff is proceeding pro se, however, he must be given leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### IV. Motion to Appoint Counsel

In his Motion for Appointment of Counsel, Plaintiff states he is indigent and seeks counsel because his "imprisonment will greatly limit his ability to litigate," and "[t]he issues involved in this case are complex and will require significant research and access to the law library." (ECF No. 3 at 1.)  He states he has attempted to obtain counsel but has been unable to do so. (*Id.* at 2.)

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N. C.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances" *id*.; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the court to "consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting *Palmer*, 560 F.3d at 970).

Plaintiff has failed to demonstrate a likelihood of success or the legal complexity required to support the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at 970. First, while Plaintiff may not be formally trained in the law he appears capable of legibly articulating the facts and circumstances relevant to his claims, which are not legally complex. *Agyeman*, 390 F.3d at 1103. Second, it is simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim against any of the Defendants. *Id*. Finally, to the extent Plaintiff asserts his detention makes it necessary for counsel, a lack of legal training and limited access to the law library are issues common to many prisoners and do not amount to exceptional circumstances. *See, e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (finding an inmate's access to a "system of satellite law libraries and inmate law clerks" to be "constitutionally adequate" even where the incarcerated plaintiff's access to the library was "limited.").

Based on the foregoing, the Court finds no "exceptional circumstances" currently exist and **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice.

V. **Conclusion and Order**

Based on the foregoing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2) **DIRECTS** the Watch Commander of George Bailey Detention Center, or their designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander of George Bailey Detention Center, 446 Alta Rd. #5300, San Diego, California, 92158.

4) **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice. (ECF No. 3).

5) **DISMISSES** all claims against the County of San Diego sua sponte for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

6) **ORDERS** Plaintiff to file on or before **Monday, March 4, 2024**, either: (1) a Notice of Intent to Proceed with his Fourteenth Amendment claim against Ortega and San-Vactores only; or (2) an Amended Complaint correcting all the deficiencies of pleading identified by the Court in this Order.

If Plaintiff chooses to proceed as to his Fourteenth Amendment claim against Defendants Ortega and San-Vactores only, the Court will issue an order directing the U.S. Marshal to effect service of his Complaint on Defendants Ortega and San-Vactores and dismiss the County of San Diego as a Defendant.

If Plaintiff chooses to file an amended pleading correcting the deficiencies outlined in this Order, **his Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the**

**Amended Complaint will be considered waived**. *See* S.D. Cal. CivLR 15.1(a); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").  Plaintiff's Amended Complaint must be entitled as his "First Amended Complaint," contain S.D. Cal. Civil Case No. 22-cv-01801-BAS-WVG in its caption, and comply both with Fed. R. Civ. P. 8 and with S.D. Cal. CivLR 8.2.a.

In order to assist Plaintiff in complying with these requirements, the Court further **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983, for his use and convenience should he choose to amend.

If Plaintiff fails to either notify the Court of his intent to proceed with his Fourteenth Amendment claim against Defendants Ortega and San-Vactores only, or to file an Amended Complaint within the time provided, the Court will enter a final order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

**DATED: January 17, 2024**

Hon. Cynthia Bashant
United States District Judge