UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARCUS JORDAN, Inmate #22710656,<br><br>          Plaintiff,<br><br>vs.<br><br>G. ORTEGA, G. SAN-VACTORES,<br><br>          Defendants. | Case No.: 23-cv-2100-BAS-JLB<br><br>**ORDER:**<br> **(1) DENYING MOTION TO APPOINT COUNSEL (ECF No. 6)**<br><br> **(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF THE FIRST AMENDED COMPLAINT (ECF No. 5) AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

  Michael Marcus Jordan ("Plaintiff" or "Jordan"), a detainee proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on November 14, 2023, along with a request to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 2.) In his Complaint, Jordan alleged Defendants Ortega, San-Vactores and the County of San Diego violated his constitutional right to be free from excessive force. (*See generally*, ECF No. 1.) On January 17, 2024, the Court granted Jordan's request to proceed IFP, screened his Complaint

1

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (ECF No. 4.) The Court concluded Jordan had plausibly stated a Fourteenth Amendment excessive force claim against Ortega and San-Vactores but dismissed the County for failure to state a claim. (*See id.* at 5–6.) The Court gave Plaintiff two options: (1) submit a Notice of Intent to Proceed with his Fourteenth Amendment claim against Orgeta and San-Vactores only; or (2) file an Amended Complaint no later than March 4, 2024. (*Id.* at 8.)

On February 9, 2024, Jordan filed a First Amended Complaint ("FAC"). (ECF No. 5.) He filed a Motion for Appointment of Counsel on March 18, 2024. (ECF No. 6.)

## I.  MOTION TO APPOINT COUNSEL

In his Motion for Appointment of Counsel, Plaintiff states he is indigent and has "no access to [the] law library." (ECF No. 6 at 1.) There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Under 28 U.S.C. § 1915(e)(1), however, a district court has limited discretion to "request" that an attorney represent an indigent civil litigant when it finds "exceptional circumstances" are present. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances requires the Court to "consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting *Palmer*, 560 F.3d at 970).

Here, Plaintiff has failed to demonstrate a likelihood of success or the legal complexity required to support the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Palmer*, 560 F.3d at 970. First, Plaintiff thus far appears capable of articulating the facts and circumstances relevant to his claims which are not legally "complex." *See Agyeman*, 390 F.3d at 1103. Second, it is simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim against the defendants. *Id.* Finally, to the extent Plaintiff asserts his detention makes it necessary for counsel because he lacks access to a law library, this issue is common to many prisoners

and does not amount to exceptional circumstances. *See, e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice.

## II.   SCREENING PURSUANT TO § 1915(e) AND § 1915A(b)

### A.   Legal Standard

Plaintiff's FAC requires pre-answer screening. Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must *sua sponte* dismiss a prisoner's IFP complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

42 United States Code section 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.  Factual Allegations

The factual allegations in Plaintiff's FAC are identical to those contained in his original Complaint. (*Compare* ECF No. 1, *with* ECF No. 5.) Specifically, he alleges that on November 20, 2022, he and Defendant Ortega got into a verbal altercation after Ortega kicked a bag Plaintiff had placed outside another cell. (ECF No. 5 at 3.) Ortega ordered Plaintiff to get down on the ground, but Plaintiff refused to do so because the floor had urine and feces on it. (*Id.*) Ortega then pushed Plaintiff up against a wall. Defendant San-Vactores shackled him, then hit Plaintiff numerous times on his head and body. (*Id.*) When Plaintiff pushed Ortega away, Ortega tasered Plaintiff for an extended period of time. (*Id.*)

### C.  Discussion

In his FAC, Plaintiff again alleges Ortega and San-Vactores' actions violated his Eighth Amendment and Fourteenth Amendment rights by using excessive force. (ECF No. 5 at 3–4.) As discussed in the Court's previous Order, because Plaintiff is a pretrial detainee his excessive force claim must be analyzed under the Fourteenth Amendment, not the Eighth. *Graham v. Connor*, 490 U.S. 386, 395, n.10 (1989) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."). To state an excessive force claim under the Fourteenth Amendment, a detainee must plausibly allege "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015).

Plaintiff claims Ortega tasered him for an extended period of time and that San-Vactores hit him repeatedly on the head and body while he was shackled. (ECF No. 6 at 3.) These facts plausibly allege Ortega and San-Vactores "purposely or knowingly used [force] against him [which] was objectively unreasonable." *Kingsley*, 576 U.S. at 396–97, and therefore the Court finds Plaintiff's FAC alleges a plausible excessive force claim against Defendants Ortega and San-Vactores sufficient to survive the "low threshold" set for *sua sponte* screening as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Iqbal*, 556 U.S. at 678.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court:

1) **DENIES** Plaintiff's Motion for Appointment of Counsel without prejudice (ECF No. 6.)

2) **DIRECTS** the Clerk to issue summonses as to Plaintiff's First Amended Complaint upon Defendants G. ORTEGA and G. SAN-VACTORES, and forward them to him along with two blank U.S. Marshal Forms 285 for Defendants ORTEGA and SAN-VACTORES. In addition, the Clerk will provide Plaintiff with a certified copy of this Order and certified copies of his First Amended Complaint (ECF No. 5), and the summons so that he may serve these two named Defendants.  Upon receipt of this "IFP Package," Plaintiff must complete the Forms 285 as completely and accurately as possible, include the addresses where Defendants ORTEGA and SAN-VACTORES may be found and/or subject to service, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

3) **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's First Amended Complaint and summons upon Defendants ORTEGA and SAN-VACTORES at the addresses provided by Plaintiff on the USM Form 285s provided, and to file executed waivers of personal service upon both Defendants with the Clerk of Court as soon as possible after their return. Should a Defendant fail to return the U.S. Marshal's requests for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form USM 285 Process Receipt and Returns with the Clerk of Court, include the date the summons, Amended Complaint, and requests for waiver were mailed to that Defendant, and indicate why service remains unexecuted. All costs of service will be advanced by the United States; however, if any Defendant located within the United States fails without good cause to sign and return the waivers requested by the Marshal on Plaintiff's behalf, the Court will impose upon that Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4) **ORDERS** Defendants G. ORTEGA and G. SAN-VACTORES, once served, to reply to the claims found sufficient to survive screening in Plaintiff's First Amended Complaint, *and any subsequent pleading Plaintiff may file in this matter in which they are named as parties*, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face of the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

5) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendants or their counsel, and the date of that service. *See* CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED.**

**DATED: May 21, 2024**

Hon. Cynthia Bashant
United States District Judge