UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARCUS JORDAN, Inmate #22710656,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>G. ORTEGA, G. SAN-VACTORES,<br><br>　　　　　　　　　　Defendants. | Case No.: 23-cv-2100-BAS-JLB<br><br>**ORDER:**<br>　1. **DIRECTING CLERK TO RE-ISSUE SUMMONS AND IFP PACKET,**<br>　2. **DIRECTING MARSHAL TO EFFECT SERVICE, and**<br>　3. **GRANTING EXTENSION OF TIME (ECF No. 14)** |

　　Plaintiff lately notified this Court that he has been unable to move the case forward and, due to impending surgery, will need an extension of time to effect service of process on Defendants. (*See* ECF No. 14.)

　　Plaintiff requires an extension of time in which to serve the Defendants because the 90-day period within which service must be executed has expired. While the Court tolls Federal Rule of Civil Procedure ("Rule") 4(m)'s time limit for service while the Court conducts its initial screening, *see Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191,

1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process" (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996))), Rule 4(m)'s service clock commences in an IFP case once a summons issues and the U.S. Marshal is directed to effect service pursuant to Rule 4(c)(3).

Specifically, Rule 4 provides that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The clock in this case commenced on May 22, 2024.  (*See* ECF No. 8.)  Plaintiff's deadline to serve Defendants thus expired on August 20, 2024.  Plaintiff represents that he has not had access to the law library in recent months.  (ECF No. 14.)  Access to the law library should not be required to fill out the forms necessary to effect service of process by the U.S. Marshal.  However, the Court notes that its order including the IFP Packet with U.S. Marshal Forms 285 was returned as undeliverable because it was sent to Plaintiff's prior address.  (*See* ECF No. 9.)  Plaintiff has since updated his address. (ECF No. 10.)

Because there is a risk that Plaintiff did not receive the initial IFP Packet, the Court **DIRECTS** the Clerk to re-issue summonses as to Plaintiff's First Amended Complaint upon Defendants G. ORTEGA and G. SAN-VACTORES, and forward them to Plaintiff along with two blank U.S. Marshal Form 285s for Defendants ORTEGA and SAN-VACTORES.  In addition, the Clerk will provide Plaintiff with a certified copy of each of the Court's orders in this case (ECF Nos. 4, 7, 13), certified copies of Plaintiff's First Amended Complaint (ECF No. 5), and the summonses so that Plaintiff may serve these two named Defendants.  Upon receipt of this IFP Packet, Plaintiff must complete the Form 285s as completely and accurately as possible, include the addresses where Defendants

ORTEGA and SAN-VACTORES may be found and/or subject to service, **and return them to the United States Marshal** according to the instructions the Clerk provides in the letter accompanying the IFP Packet.  Plaintiff's letter indicates that he may have "sent the U.S. Marshal forms 285 to the San Diego Shireff's [sic]." (ECF No. 14.)  The San Diego Sheriff is the incorrect recipient of these forms.  As noted in the Court's prior order and the original IFP Packet, Plaintiff is to submit the completed Form 285s to the United States Marshal.  **Plaintiff is reminded to follow the instructions the Clerk provides in the letter accompanying the IFP Packet**.

The Court again **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's First Amended Complaint and summons upon Defendants ORTEGA and SAN-VACTORES at the addresses provided by Plaintiff on the Form 285s provided, and to file executed waivers of personal service upon both Defendants with the Clerk of Court as soon as possible after their return.  Should a Defendant fail to return the U.S. Marshal's requests for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form 285 Process Receipt and Returns with the Clerk of Court, including the date the summons, First Amended Complaint, and requests for waiver were mailed to that defendant, and indicating why service remains unexecuted.  All costs of service will be advanced by the United States; however, if any Defendant located within the United States fails without good cause to sign and return the waivers requested by the U.S. Marshal on Plaintiff's behalf, the Court will impose upon that Defendant any expenses later incurred in making personal service.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

Plaintiff is further **ORDERED** to complete the above within ninety (90) days of the date of this order, i.e. **on or before January 21, 2025**.  If Plaintiff fails to do so, he must inform the Court as to the reason for the additional delay.

**IT IS SO ORDERED.**

**DATED: October 21, 2024**

Hon. Cynthia Bashant
United States District Judge